# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# ST. LOUIS DIVISION

| | |
|---|---|
| Marita Johnson<br>8113 Marilyn Court<br>St Louis, MO 63134<br><br>　　　　Plaintiff,<br><br>v.<br><br>Vegalo, LLC d/b/a Frontier Financial Group<br>c/o Paula Engelbrecht, Registered Agent<br>849 Gleamstar Avenue<br>Las Vegas, NV 89123<br><br>　　　　Defendant. | Case No.:<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. On or around December 19, 2009, Plaintiff retained an attorney to file for bankruptcy.

8. On or around February 1, 2010, Defendant telephoned Plaintiff at Plaintiff's place of employment and left a message with Plaintiff's coworker ("Marie") requesting that Plaintiff return Defendant's call.

9. On or around February 1, 2010, Plaintiff telephoned Defendant in response to the above referenced communication.

10. During this communication, Plaintiff notified Defendant that Plaintiff was represented by a bankruptcy attorney and attempted to provide Plaintiff's attorney's contact information.

11. During this communication, Defendant repeatedly refused to document Plaintiff's attorney's contact information and falsely represented that Plaintiff had hired a fake attorney.

12. On or around February 1, 2010, Plaintiff telephoned Defendant again in an effort to provide Plaintiff's attorney contact information, but Defendant refused to speak to Plaintiff.

13. Despite Plaintiff's notice, Defendant telephoned Plaintiff's place of employment several times thereafter on or around February 1, 2010.

14. During one of these communications, Defendant again spoke to Marie and disclosed that Plaintiff owed a debt.

15. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

16. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

17. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

18. Defendant violated 15 U.S.C. §1692c in that it communicated with Plaintiff notwithstanding Plaintiff's notice that Plaintiff was represented by an attorney.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

20. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and disclosed that Plaintiff owed the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. Defendant violated 15 U.S.C. §1692d in that Defendant repeatedly or continuously telephoned Plaintiff and/or another person with the intent to annoy, abuse, and/or harass that person.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiff.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## JURY DEMAND

29. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

30. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: /s/ Timothy J. Sostrin
    Timothy J. Sostrin, Reg. # 1592956
    LEGAL HELPERS, P.C.
    233 S. Wacker
    Sears Tower, Suite 5150
    Chicago, IL 60606
    Telephone:  312-753-7576
    Fax: 312-822-1064
    Email:  tjs@legalhelpers.com
    Attorneys for Plaintiffs